### Zella G. MORROW

v.

### UNITED STATES of America.
### Civ. No. 1534.

United States District Court
N. D. Indiana,
Hammond Division at Lafayette.

Feb. 1, 1956.

Fraser & Isham, Fowler, Ind., for plaintiff.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind., Edmund A. Schroer, Asst. U. S. Atty., Hammond, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for alleged wrongful death and to the automobile of plaintiff's decedent brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq. Trial was to the court and it is the cause on the merits which now solicits the decision of this court.

■ The undisputed facts are that a U. S. Army convoy was traveling north on U. S. Highway No. 52 on September 3, 1953, and on a curve just south of the city limits of Fowler, Indiana, one of the army trucks in the convoy being driven by Private Isaiah Andrew Carter and an automobile being driven by plaintiff's decedent in the opposite direction collided causing the death of plaintiff's decedent and damage to his automobile in the sum of $600; that plaintiff's decedent left surviving him his widow, who as administratrix of his estate is the plaintiff herein, and three dependent children of 11 years, 4 years and 1 year of age, respectively, and at the time of his death plaintiff's decedent was a mechanic 34 years of age with a life expectancy of 32 years and was earning approximately $60 per week, and that a reasonable fee for plaintiff's attorneys would be 20% of the amount recovered by the plaintiff, if recovery there be.

The wrongful death statute in Indiana limits recovery to $15,000, and under the evidence in the record on the pecuniary loss, if the plaintiff is entitled to recover, the recovery on Count I would have to be $15,000 and on Count II $600. The only question is one of liability.

Within a few minutes after the collision a photographer appeared at the scene of the collision and took photographs, eight of which were introduced in evidence, and which, in the opinion of this court, conclusively show upon which side of the highway the vehicles collided. Two of the photographs, Plaintiff's Exhibits No. 9 and No. 10, show the location of the debris and the marks and establish without question that the vehicles collided on plaintiff's decedent's half of the highway and that the government truck was negligently driven across the center line of the highway and collided with the automobile of plaintiff's decedent on his side of the highway and that plaintiff's decedent was free from any contributory negligence.

The court observed the witnesses on the witness stand and can give no credence to the testimony of Isaiah Andrew Carter, who has conveniently forgotten everything which happened immediately before and after the collision, and Alexander Jordan, Jr., who was driving the truck immediately behind Carter, testified that he did not actually see the collision and when the two vehicles came together the truck was going off to the left.

From the photographs in evidence and the oral testimony, this court is convinced that the windshield was open on the truck Carter was driving; that as he approached the curve a bug flew into his eye; that he lost control of the truck, and he crossed the center line onto the wrong side of the highway and negligently ran into the automobile of plaintiff's decedent causing his death.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

Findings of Fact

1.

The plaintiff, Zella G. Morrow, is the administratrix of the estate of Robert L. Morrow, deceased, acting under general letters of administration issued by the Benton Circuit Court of Benton County, Indiana.

2.

On September 3, 1953, there existed a cement public highway known as U. S. Highway No. 52 which, as it approached the town of Fowler, Indiana, from the Southeast, ran in a Northwesterly-Southeasterly direction, and at the edge of Fowler curved until it extended in a straight North and South direction; that it was surfaced with black-top and there were lines painted down the center thereof, not only to indicate the center of said highway but also to indicate a no-passing zone because of said curve therein.

3.

On said date one Robert L. Morrow resided with his family in Swanington, Indiana, and owned a Chevrolet converti-

ble automobile, and about 11:00 a. m. was driving said car south on said highway leaving said town of Fowler.

**4.**

On September 3, 1953, one Isaiah Andrew Carter was a member of the United States Army, being a Private First Class, and was driving a 2½ ton GMC army truck with a two wheel trailer attached, on said U. S. Highway 52 approaching Fowler from the Southeast. That said army truck at said time was a United States Army vehicle in a convoy moving from Camp Atterbury, Indiana, to the city of Chicago, Illinois, and said Carter was acting in the line of duty and within the scope of his employment for the United States Army.

**5.**

When said army truck, approaching said town of Fowler, reached about the mid-point of said curve in said highway it crossed the center line of the highway and ran into the left side of the automobile of plaintiff's decedent causing his death.

**6.**

Said collision caused the left front wheel of said army truck to be knocked off and said army vehicle stopped after colliding with and breaking off a telegraph pole to the left of said highway as said truck approached said town of Fowler.

**7.**

Immediately prior to the collision of said vehicles, the said Isaiah Andrew Carter driving said United States army truck, had carelessly and negligently driven said vehicle to his lefthand side of said highway on said curve and was so driving it at the moment of impact, and said act of negligence was the proximate cause of the collision in which plaintiff's decedent lost his life.

**8.**

Plaintiff's decedent was guilty of no act of negligence contributing to the collision or to his death.

**9.**

At the time of the death of plaintiff's decedent he was 34 years of age with a life expectancy of 32 years, was married to the plaintiff, who was then 30 years of age, and was the father of 3 children, Carolyn age 11, Pamella age 8, and Mitchell age 1. That at said time his net weekly earnings exceeded $60, and said widow and 3 children were supported solely by plaintiff's decedent. That the pecuniary loss to said plaintiff and said dependent children by reason of the death of plaintiff's decedent exceeds the sum of $15,000.

**10.**

Plaintiff or no one on her behalf or anyone else, has ever filed a claim against any branch of the United States Government for any loss sued for in plaintiff's complaint.

**11.**

Plaintiff has employed Fraser & Isham of Fowler, Indiana, as her attorneys and 20 percent of the amount of recovery is a fair and reasonable fee for their services.

Upon the foregoing findings of fact, the court states the following

### Conclusions of Law

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

The law is with the plaintiff.

**3.**

The said Isaiah Andrew Carter, while acting within the scope of his duties for the United States, was guilty of negligence which was the proximate cause of the death of plaintiff's decedent and the damage to his automobile.

**4.**

Plaintiff's decedent was free from any contributory negligence.

**5.**

The plaintiff is entitled to recover on Count I of her complaint the sum of $15,-

000 for the use and benefit of the widow and dependent children, as provided by law.

6.

The plaintiff is entitled to recover from the defendant on Count II of her complaint, the sum of $600 as compensatory damages to said automobile for the loss occasioned by said collision.

7.

The plaintiff is entitled to a judgment against the defendant on Count I of her complaint in the sum of $15,000, and on Count II of her complaint in the sum of $600.

8.

Plaintiff's attorneys, Fraser & Isham of Fowler, Indiana, should be paid an amount equal to 20 percent of the judgment rendered herein, from the proceeds of said judgment for the plaintiff against the defendant.

The clerk is ordered to enter judgment for the plaintiff against the defendant on Count I of the complaint in the sum of $15,000, and on Count II of the complaint in the sum of $600, together with costs, of which $3,120 is for plaintiff's attorneys.